Argued and submitted January 29, reversed and remanded April 1, 1998

# STATE OF OREGON,
*Appellant,*

*v.*

# JIMMY HICKERSON,
*Respondent.*

(P 275192; CA A96421)

956 P2d 1050

Janet A. Klapstein, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Hari Nam S. Khalsa, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before De Muniz, Presiding Judge, and Haselton, Judge, and Rossman, Senior Judge.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

The state appeals from a pretrial order dismissing a charge of driving under the influence of intoxicants (DUII), ORS 813.010, on statutory speedy trial grounds. We reverse.

Defendant was arrested for DUII in December 1990. He failed to appear at his arraignment, and a bench warrant was issued. In May, counsel requested that defendant be considered for diversion, and the state filed a notice of intent to object. Defendant failed to appear at the hearing contesting diversion, and another bench warrant was issued. In October 1991, defendant appeared after the warrant was served and successfully petitioned for diversion. He signed a DUII diversion agreement and waiver form on October 31, 1991. The agreement included a waiver of defendant's right to demand a speedy trial.

In October 1992, the diversion evaluator advised the court that defendant had failed to complete the diversion program. In December, defendant failed to appear on an order to show cause why the diversion program should not be terminated. The court ordered termination and issued a bench warrant for defendant's arrest. That warrant was not served until July 1994, a 19-month delay. This 19-month period is the only delay on which defendant asked the court to rule under the speedy trial statute. After service and release on recognizance, defendant again failed to appear, and a warrant was issued in July 1994 and served 22 months later in May 1996. After defendant again failed to appear, another bench warrant was issued. This warrant for his arrest was served in November of that year. Defendant was released again, this time to a supervision program. At defendant's request, the hearing was set over until January 1997. At that time, defendant attended the court hearing where he moved for dismissal under ORS 135.747, arguing that the above noted 19-month delay in service was "unreasonable." The trial court agreed and dismissed the complaint.

The state assigns error to the trial court's dismissal on speedy trial grounds, under ORS 135.747, which provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or

by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

■   The state contends that the statute does not apply here. First, the state argues that defendant consented by signing the speedy trial waiver in the diversion agreement. However, in *State v. McQueen,* 153 Or App 277, 956 P2d 1046 (1998), we held that the scope of the waiver of the right to demand a speedy trial contained in the DUII diversion agreement form does not extend beyond termination of the diversion period. Here, that diversion period had ended.

Secondly, the state claims that, by his repeated failures to appear both before the December 1992 warrant was issued and after it was served, defendant has somehow waived his right to a speedy trial on that particular warrant. Defendant concedes that he was a "deadbeat" in failing to appear on other warrants, but asks this court to consider only the December 1992 warrant and subsequent 19-month delay in service that he relied on to assert his rights under the statute and on which the trial court ruled.

■   We need not decide the exact scope of the circumstances relevant to the analysis of a defendant's speedy trial right under ORS 135.747. For purposes of this case, we consider only defendant's failure to appear at the show cause hearing resulting in his termination from the diversion program and the 19 months that elapsed until he was again arrested on a warrant. Under the circumstances presented here, we agree with the state's third argument that ORS 135.747 does not mandate dismissal of the charge against defendant, because defendant's failure to appear and subsequent conduct demonstrate that he consented not to be brought to trial during that 19-month period.

Defendant does not claim that he was not duly advised of the proceedings to terminate him from the diversion program and of the show cause hearing that resulted in the order of termination. In failing to appear, without excuse, at the show cause hearing, defendant demonstrated that he did not want to have his trial scheduled within the regular course of the justice system but, like the defendant in *McQueen,* consented to have his case "languish in legal

limbo." 153 Or App at 282. Under these circumstances, ORS 135.747 does not apply, and defendant was not entitled to dismissal of the complaint against him.

Reversed and remanded.