Argued and submitted October 29, 1997, reversed and remanded April 1, petition for review denied September 29, 1998 (327 Or 554)

## STATE OF OREGON,
*Appellant,*

*v.*

## STEVEN MICHAEL McQUEEN,
*Respondent.*

(DA 1106047; CA A95269)

956 P2d 1046

Kaye E. Sunderland, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Kimi Nam, Deputy Public Defender, argued the cause for respondent. With her on the brief was Sally L. Avera, Public Defender.

Before De Muniz, Presiding Judge, and Haselton, Judge, and Rossman, Senior Judge.

DE MUNIZ, P. J.

**DE MUNIZ, P. J.**

The state appeals from an order dismissing a complaint charging defendant with driving under the influence of intoxicants (DUII). ORS 813.010. We reverse.

Defendant was arrested for DUII in March 1991. He signed a DUII diversion petition, waiver and agreement on April 22, 1991. The agreement included a waiver of the right to demand a speedy trial. Defendant also agreed in writing "to keep the court and Motor Vehicles Division (MVD) advised of his current mailing address and residential address at all times during the diversion period." After some delays that were attributable to defendant, in April 1992, the court signed a second diversion termination extension that lasted until November 1, 1992. On August 24, 1992, defendant's diversion evaluator submitted an affidavit to show cause why the diversion program should not be terminated. A show cause hearing was scheduled for October 15, 1992, and notice was sent to the address that defendant had provided. It was returned as undeliverable. When defendant failed to appear at the hearing, the court terminated the diversion. Five days later, the court issued a bench warrant for defendant's arrest. The state never made any attempt to serve the warrant. In August 1996, 46 months later, defendant was arrested on the warrant as the result of an unrelated stop.

Defendant filed a pretrial motion to dismiss the complaint on speedy trial grounds. At the hearing, defendant stated that he had not received the show cause hearing notice because he had moved. Nothing in the record indicates that defendant had apprised any of the proper authorities of his new address until he applied to MVD in April 1996 for a new identification card. The trial court, however, ruled that defendant's case should be dismissed because "defendant's waiver does not extend to any time beyond the termination of diversion," and "the time which elapsed from the issuance of the warrant after termination of diversion to the date of any attempt to serve that warrant [46 months] was unreasonable."

The scope of a written waiver of speedy trial rights is a question that this court reviews as an issue of law. *See State*

*v. Hunter*, 316 Or 192, 201, 850 P2d 366 (1993). Whether a defendant was brought to trial within a "reasonable time" is also a question of law. *State v. Green*, 140 Or App 308, 310-11, 915 P2d 460 (1996).

■ The state assigns error to the trial court's dismissal of the complaint. The state first argues that the waiver of defendant's right to demand a speedy trial, which he had signed in connection with his diversion agreement, prohibits him from raising the issue. The state reasons that, because the plain language on the front of the waiver does not specify any time limit, the scope of defendant's waiver is without boundaries. The trial court ruled that, given the explanation on the reverse of the waiver form signed by defendant, the state's position was unreasonable. The explanation reads:

> "You must agree to give up this right [to a speedy trial] in order to enter into a diversion agreement with the court. If your petition is allowed, then the court must stop the prosecution of the case pending your successful completion or failure to complete the diversion agreement."

We agree with the trial court that the "clear message of that [final] sentence is that [one is] waiving the right to speedy trial during that period" and that, given this language, no one could make a "knowing and intelligent waiver beyond the scope of the explanation."

The state next argues that, even if the waiver was for the limited period of the diversion program, the trial court nonetheless erred in dismissing the complaint. It is unclear whether the trial court dismissed the complaint under ORS 135.747, the "speedy trial" statute, or under Article I, section 10, of the Oregon Constitution. We address defendant's statutory claim first. *State v. Thompson*, 294 Or 528, 531, 659 P2d 383 (1983); *Green*, 140 Or App at 311.

ORS 135.747 provides:

> "If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

The state argues that the statute is not applicable here because the diversion agreement was a postponement by defendant's application, which constitutes his consent to the delay. Defendant responds that his application, like his waiver, only pertains to a consent to delay during the time period of the diversion program. He argues that he still has a right to a speedy trial under the statute to the extent that his claim is based on delay not related to his participation in the diversion program. In this case that is the 46 months between the warrant having been issued and served.[1] We agree with defendant. Our interpretation of the waiver as being limited to the diversion period necessitates that defendant's application to the diversion program is not consent to delay beyond the termination of the program.

The state next argues that, even if that is the case, defendant was primarily responsible for the delay. The state cites *State v. Emery*, 318 Or 460, 869 P2d 859 (1994), for the proposition that under the statute a delay is not unreasonable if the "defendant either occasioned or acquiesced in [the delay]." *Id*. at 470. It points out that defendant was under an obligation to keep the court and MVD informed of his whereabouts during the period of his diversion and that he failed to do so. There is nothing in the record to indicate that the court received defendant's new address. According to the state, no violation of ORS 135.747 occurred because defendant caused the delay. Defendant counters that he did remain in Portland, that he did remain at his new address for four years, and that he made no attempt to hide or leave the state during that entire period.

■ Under the circumstances presented here, we agree with the state that ORS 135.747 does not mandate dismissal of the charge against defendant. As part of the diversion, defendant signed a petition, waiver and agreement requiring him to comply with various conditions, including "keep[ing] the court and Motor Vehicles Division advised of petitioner's current mailing and residential addresses at all times during the diversion period." Defendant failed to comply with that

---

[1] Because it was not raised, we do not address the question of the scope of the waiver *vis-a-vis* the time between the issuance of the accusatory instrument and the signing of the diversion agreement.

condition and then failed to appear at the hearing to show cause why he should not be terminated from the diversion program. In failing to keep the court apprised of his whereabouts, and in failing to appear in court, which required the issuance of a warrant for his arrest, defendant demonstrated that he would not willingly cooperate with the justice system and thereby consented not to have his trial set in the orderly course of the justice system, but rather to allow his case to languish in legal limbo. Because defendant consented to the delay, he cannot be permitted to enjoy the benefit of the speedy trial statute.

As mentioned above, it is unclear whether the trial court reached defendant's speedy trial claim made under Article I, section 10, of the Oregon Constitution. However, defendant did present that claim in the court below, and the parties have briefed the issue on appeal. Accordingly, we turn to defendant's constitutional claim.

■ The factors to be considered in evaluating a speedy trial claim under Article I, section 10, include: (1) the length of delay; (2) the reasons for the delay; and (3) the resulting prejudice to the accused. *State v. Mende,* 304 Or 18, 21, 741 P2d 496 (1987). Here, the length of delay, 46 months from the issuance of the warrant for defendant's arrest until trial, is "substantially greater than average"; thus, we are required to consider the reason for the delay and the prejudice to defendant.

The state maintains that the delay is attributable to defendant's own failure to abide by his legal responsibilities. We agree that defendant's conduct demonstrates that he did not desire a speedy trial. Nevertheless, his conduct does not justify, for purposes of constitutional analysis, the state's failure to serve the arrest warrant for 46 months. However, because there is no evidence that the state intentionally failed to serve the warrant in order somehow to prejudice defendant, the reason for the delay does not weigh heavily against the state. *See State v. Wirth,* 114 Or App 496, 499, 835 P2d 952 (1992) (although negligent delay does weigh against the state, in the absence of intentional misconduct it does not weigh heavily). Accordingly, as with most speedy trial cases, "the [constitutional] analysis turns on whether

defendant was prejudiced by the delay." *Green*, 140 Or App at 316.

 Under a constitutional analysis, defendant has the burden to establish "some degree of actual prejudice." *Mende,* 304 Or at 23. Prejudice under constitutional analysis may take the form of excessive pretrial detention, anxiety and concern of the defendant, and impairment of the defense. *Green*, 140 Or App at 316. Here, defendant offered no evidence of prejudice but relied solely on the argument of defense counsel. At best, counsel's sole claim was that there had been a passenger in the car at the time of defendant's arrest who could have testified that he would not have accepted a ride from defendant had he appeared intoxicated. Even accepting counsel's argument as evidence, it fails to establish that the witness would indeed have been favorable or that the witness disappeared during the crucial delay period. Counsel's speculation about such a witness is not sufficient to establish any degree of actual prejudice. Defendant's constitutional speedy trial claim must fail.

Reversed and remanded.