Argued and submitted August 5, 1998, affirmed September 15, 1999

# STATE OF OREGON,
*Respondent,*

*v.*

# ROGER JAMES KIRSCH,
*Appellant.*

## (M89001200P; CA A98101)

987 P2d 556

Robin A. Jones, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy

Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

DEITS, C. J.

---

* Deits, C. J., *vice* Riggs, P. J., resigned.

**DEITS, C. J.**

Defendant appeals his conviction for driving under the influence of intoxicants (DUII). ORS 813.010. At trial, defendant filed a motion to dismiss on speedy trial grounds. Defendant assigns error to the trial court's denial of that motion. We review for errors of law, *State v. Garcia-Plascencia,* 148 Or App 318, 321, 939 P2d 641, *rev den* 326 Or 58 (1997), and affirm.

On July 17, 1987, defendant was cited for DUII. A trial was set for April 12, 1988. Defendant failed to appear, and a bench warrant was issued for his arrest. Defendant's case was removed from inactive status in September 1996, following a traffic stop earlier that year. The delay between the date of citation in 1987 and defendant's arraignment on September 17, 1996, is the time period challenged by defendant as violating his statutory and constitutional right to a speedy trial.

As noted above, defendant did not appear for trial in 1988. After his failure to appear, he also failed to turn himself in on the bench warrant, to contact the court about the case, or to let the court know where he was. There is no evidence in the record that the state attempted to serve the bench warrant on defendant or to notify him of the existence of that warrant. During the time period from November 1993, until the case was reactivated in September 1996, defendant was stopped by the police eight times regarding seven different traffic infractions and one misdemeanor. However, none of those incidents resulted in defendant's arrest on the warrant in this case. At trial, the prosecutor could provide no explanation for why defendant had "slipped through the cracks" and avoided prosecution during those three years. Defendant offered no evidence regarding his whereabouts during the five years between issuance of the bench warrant in April 1988 and his contact with police in November 1993.

Before trial, defendant moved to dismiss the indictment, asserting a violation of his right to a speedy trial under ORS 135.747, Article I, section 10, of the Oregon Constitution, and the Sixth Amendment to the United States Constitution. The trial court denied defendant's motion, explaining:

"He offers no argument that the failure to appear was due to some good cause, and I must conclude that his failure to appear was wilful initially, and that it remained wilful to the extent that the defendant was even aware that this case was pending in the interim."

Defendant then agreed to a stipulated facts trial, and the trial court found defendant guilty of DUII.

On appeal, defendant assigns error to the trial court's refusal to dismiss the indictment under ORS 135.747, Article I, section 10, of the Oregon Constitution, and the Sixth Amendment to the United States Constitution. We begin with the statutory claim. *State v. Ivory,* 278 Or 499, 503, 564 P2d 1039 (1977). ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

To determine if dismissal is required under the statute, we must first decide if the defendant "caused or consented to the delay." If the defendant did not cause or consent to the delay, then we must determine whether the lapse of time between the indictment and the trial was "reasonable." *State v. Rohlfing,* 155 Or App 127, 130, 963 P2d 87 (1998) (quoting *State v. Green,* 140 Or App 308, 313, 915 P2d 460 (1996)).

As noted above, the trial court found that defendant's failure to appear at trial was wilful and that defendant offered no argument that his failure to appear was due to good cause. The court concluded that defendant's wilful failure to appear "constituted consent to delay for purposes of ORS 135.747." On appeal, defendant argues that the trial court erred as a matter of law in concluding that defendant's statutory speedy trial rights were not violated. He argues that ORS 135.747 requires a defendant's express consent to a delay. Defendant asserts that he did not give his express consent to the delay and that his failure to appear for a court proceeding and his subsequent failure to contact the court may not be deemed to constitute consent for purposes of the statute.

We do not agree that the statute requires express consent. In making this argument, defendant relies on a case decided by the Supreme Court in 1954, *State v. Kuhnhausen,* 201 Or 478, 266 P2d 698, *withdrawn* 201 Or 506, 272 P2d 225 (1954). That opinion, however, was withdrawn. The case relied on in *Kuhnhausen, State v. Chadwick,* 150 Or 645, 650, 47 P2d 323 (1935), did hold that *former* Oregon Code 1930, § 13-1602[1] required a defendant's express consent to delay. Although the language of that statute is similar, we do not believe that *Chadwick* is controlling. First, the court in *Chadwick* was construing a former version of the statute at issue here. Second, since the decision in *Chadwick* this court has clearly held, and the Supreme Court has implicitly held that, under the specific statute at issue here, ORS 135.747, a defendant's conduct may be deemed to constitute consent. *Rohlfing,* 155 Or App 127; *State v. Hickerson,* 153 Or App 284, 287-88, 956 P2d 1050 (1998); *State v. McQueen,* 153 Or App 277, 281-82, 956 P2d 1046, *rev den* 327 Or 554 (1998); *Green,* 140 Or App 308; *see also State v. Emery,* 318 Or 460, 470, 869 P2d 859 (1994).

In *Hickerson,* for example, the defendant was arrested for DUII in December 1990. He failed to appear at his arraignment and a bench warrant was issued. In May 1991, his counsel requested that he be considered for diversion. The state objected to the request and a hearing was set. The defendant failed to appear at the hearing, and another bench warrant was issued. In October 1991, the defendant was allowed into the diversion program, but he failed to complete the program and failed to appear at the show cause hearing to terminate him from diversion. A bench warrant was then issued, but it was not served on the defendant for 19 months. The defendant in *Hickerson* relied on that delay in asserting a violation of his speedy trial rights. We concluded that the defendant's failure to appear and subsequent conduct "demonstrate[d] that he consented not to be brought to

---

[1] *Former* Oregon Code 1930, § 13-1602, provided:

"If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, is not brought to trial at the next term of the court in which the indictment is triable after it is found, the court shall order the indictment to be dismissed, unless good cause to the contrary is shown."

trial during that 19-month period." *Hickerson,* 153 Or App at 287. We explained:

> "In failing to appear, without excuse, at the show cause hearing, defendant demonstrated that he did not want to have his trial scheduled within the regular course of the justice system but, like the defendant in *McQueen*, consented to have his case 'languish in legal limbo.' 153 Or App at 282. Under these circumstances, ORS 135.747 does not apply, and defendant was not entitled to dismissal of the complaint against him." *Id.* at 287-88.

As in *Hickerson,* defendant here chose to allow his case to "languish in legal limbo."

We agree with the trial court that ORS 135.747 does not require express consent and that defendant's failure to appear and his subsequent inaction constituted consent to the delay at issue here. Defendant had been cited for DUII, and a date was set for trial. There is no suggestion in the record that defendant was not aware of the trial date or that he had a legitimate reason for not appearing. As the trial court found, and defendant does not challenge, "defendant's failure to appear was entirely voluntary." Further, after failing to appear, defendant made no effort to turn himself in or to let the authorities know where he was. Defendant argues that, at least during the time period from 1993 to 1996, the delay was the fault of the state. He points out that he was stopped by the police on a number of occasions during that time and the police failed to arrest him on this charge. The police may well have been negligent in not arresting him on those occasions. Nonetheless, that does not preclude the conclusion that, by his conduct, defendant acquiesced in the delay. It was defendant who did not appear at the time set for trial and it was his choice not to contact the court following that failure.

Defendant relies on our decision in *Rohlfing* to support his argument that his conduct cannot be deemed to constitute consent to the delay in prosecution. *Rohlfing*, however, is distinguishable. There, we concluded that, because the defendant was not aware of the indictment and because the evidence showed that, during the eight-year delay in prosecution, the defendant or a family member was available

at the phone number that the defendant had given the police in his initial contact with them, the defendant could not be deemed to have consented to the delay. In contrast, here, defendant was aware of the charge against him and of the date set for trial. Despite that knowledge, he did not appear nor did he provide the police with information regarding his whereabouts. We hold that defendant's actions constituted consent to the delay and that, accordingly, the trial court did not err in denying defendant's motion to dismiss on the basis of ORS 137.747.

■ Defendant also raises both Oregon and United States constitutional arguments.[2] Under Article I, section 10, of the Oregon Constitution, we consider three factors in deciding if a defendant was deprived of his speedy trial rights:

> " '(1) the length of the delay, (2) the reasons for the delay and (3) the resulting prejudice to the accused.' The threshold inquiry focuses on the length of the delay. If the delay is substantially greater than the average time to bring an accused to trial, it triggers a full analysis of all three factors."

*State v. Coggin*, 126 Or App 230, 233-34, 868 P2d 29 (1994) (internal citation omitted); *see also State v. Loynes*, 154 Or App 1, 960 P2d 388, *rev den* 327 Or 620 (1998).

We first look at the length of the delay. "If the time taken to bring an accused to trial is substantially greater than the average, inquiry into the two remaining factors is triggered." *State v. Mende*, 304 Or 18, 23-24, 741 P2d 496 (1987). The state concedes that the eight-year delay between citation and reactivation of defendant's case requires inquiry into the reasons for the delay and any resulting prejudice to defendant.

---

[2] Article I, section 10, of the Oregon Constitution, provides, in part:

"No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay * * *."

The Sixth Amendment to the United States Constitution provides, in part:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed * * *."

■ As discussed above, the delay was due in part to defendant's failure to appear and his subsequent failure to provide the court with any information regarding his whereabouts. The delay was also attributable in part to the state's negligence in not arresting defendant on the outstanding bench warrant on the numerous occasions that he was stopped for traffic offenses. However, there is no indication that the state intentionally failed to arrest defendant in order to somehow prejudice him. Consequently, this reason for the delay does not weigh heavily against the state. *Emery*, 318 Or at 472; *McQueen*, 153 Or App at 282; *Green*, 140 Or App at 316. Accordingly, as with most speedy trial cases, the constitutional analysis turns on whether defendant was prejudiced by the delay.

■■ Generally, there must be some degree of actual prejudice to the defense in order to establish a constitutional violation of sufficient magnitude to justify dismissal. *Mende*, 304 Or at 23. However, proof of actual prejudice is unnecessary when the length of the delay is "presumptively prejudicial." *Id.* at 24. Defendant argues, relying on *Coggin*, 126 Or App at 234 ("[a]n example of a delay that is presumptively prejudicial is an eight-and-one-half-year delay"), that the eight-year delay in this case is presumptively prejudicial under both the Oregon and United States Constitutions and therefore "requires dismissal without evaluation of the other factors."

■ We do not agree that, under all of the circumstances here, the delay was presumptively prejudicial. To constitute presumptive prejudice, the delay must be "so 'manifestly excessive and unreasonable' that it 'shocks the conscience.'" *State v. Chinn*, 115 Or App 662, 666, 840 P2d 92 (1992). Eight years is a substantial delay. However, in deciding if presumptive prejudice is warranted, we do not look only to the length of the delay. Rather, we "consider the concept of presumptive prejudice in relation to the reasons or cause of the delay[.]" *Rohlfing*, 155 Or App at 134. If the presumptive prejudice is "neither extenuated, as by defendant's acquiescence, nor persuasively rebutted, the defendant is entitled to relief." *Id.* at 135 (quoting *Doggett v. United States*, 505 US 647, 658, 112 S Ct 2686, 120 L Ed 2d 520 (1992)).

Here, as discussed above, the delay was extenuated by defendant's conduct. He wilfully failed to attend the original trial date and, after causing the initial delay of the trial and while aware of the charges against him, he remained silent for eight years. In contrast to the circumstances in *Rohlfing*, this case was set for trial and, unlike in *Rohlfing*, defendant did not give the police a phone number where he could be reached. Under these circumstances, we do not believe that the delay was so manifestly excessive and unreasonable as to shock the conscience. We conclude that defendant did not suffer "presumptive prejudice."

■ ■ Therefore, we examine whether defendant established actual prejudice. Defendant has the burden to show some actual prejudice. *Mende*, 304 Or at 23; *McQueen*, 153 Or App at 283. Defendant did not present any evidence that actual prejudice resulted from the delay. As the trial court found:

> "[Defendant] offers no suggestion that he has lost information, witnesses, or any opportunity to present or to perfect a defense based on the passage of time. He was not in custody as a result of this case during the relevant period, and perceived no humiliation, indignity, or anxiety by reason of its existence."

The trial court's finding is supported by the record. We conclude, as a matter of law, that defendant's right to a speedy trial under Article I, section 10, of the Oregon Constitution, was not violated.

As noted above, defendant also argues that his right to a speedy trial under the United States Constitution was violated. The Oregon Supreme Court has equated Article I, section 10, of the Oregon Constitution, with the Sixth Amendment to the United States Constitution. *Emery*, 318 Or at 468-69; *Ivory*, 278 Or at 504.[3] For the same reasons discussed with respect to defendant's right to a speedy trial under the Oregon Constitution, we conclude that defendant's right to a speedy trial under the Sixth Amendment was not violated.

---

[3] The only additional factor to be considered under the Sixth Amendment is whether defendant asserted the right to a speedy trial below. *Emery*, 318 Or at 468.

The trial court did not err in denying defendant's motion to dismiss on statutory or constitutional speedy trial grounds.

Affirmed.