Submitted July 31, affirmed December 24, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSE ELEUTERIO ALVARADO-EK,
*Defendant-Appellant.*

Multnomah County Circuit Court
011152956; A133407

198 P3d 971

Peter Gartlan, Chief Defender, Legal Services Division, and Sarah E. Carpenter, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the brief for respondent.

Before Rosenblum, Presiding Judge, and Brewer, Chief Judge, and Richardson, Senior Judge.

ROSENBLUM, P. J.

## ROSENBLUM, P. J.

Defendant appeals his conviction for driving under the influence of intoxicants (DUII), ORS 813.010. Defendant assigns error to the trial court's denial of his motion to dismiss on speedy trial grounds under ORS 135.747.[1] We conclude that defendant failed to adequately preserve this argument at the trial court level and, therefore, we affirm.

The relevant facts are undisputed. Defendant was arrested for DUII, cited, and released by Officer Sorenson of the Portland Police Department on October 29, 2001. At the bottom of the citation was an instruction informing defendant that he was required to appear at the circuit court in Gresham at 1:30 p.m. on November 27, 2001. Defendant failed to appear, and a bench warrant was issued for defendant's arrest. Defendant was arrested on the bench warrant approximately 55 months later, on June 3, 2006. Defendant moved to dismiss on both statutory and constitutional speedy trial grounds, but on appeal assigns error only to the trial court's ruling under ORS 135.747.

In moving to dismiss, defendant argued to the trial court that he did not consent to the delay by failing to appear because he had no meaningful notice of the mandatory court appearance based on his inability to understand English and the fact that the court appearance date written on the citation was difficult to read. Defendant argued that his case was factually distinguishable from *State v. Gill*, 192 Or App 164, 84 P3d 825, *rev den*, 337 Or 282 (2004), in which we held that a defendant's *knowing* failure to appear at a mandatory court appearance amounted to a consent by the defendant to the delay. Because he lacked notice of the November 27, 2001, court appearance, defendant argued that his case was more similar to *State v. Chavarria*, 194 Or App 1, 92 P3d 763 (2004).

---

[1] ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

The state responded that defendant did have notice of the court appearance, and therefore his failure to appear constituted consent to the delay under *Gill*. The trial court denied the motion, concluding as follows:

"I conclude that in this case, [defendant] was charged with DUII, and when he did not appear, that the courts have deemed that to be a postponement upon his application or by his consent, and therefore, I do not dismiss the citation on that ground.

"* * * * *

"* * * [T]he issue that has been put before me, namely, the fact that he is here in court today with a Spanish speaking interpreter requires me to assume that he did not have meaningful notice is not something I'm willing to do.

"The case law repeatedly suggests that the defendant's failure to appear at a time and place where he was required to appear is under the kind of facts that I find in this case sufficient to infer that he consented to a delay in a trial."

Following a stipulated facts bench trial, defendant was convicted of DUII.

On appeal, defendant now asserts that the trial court's error was its reliance on our opinion in *Gill*, in which we held that a delay caused by the defendant's failure to appear was a postponement by the consent of the defendant under ORS 135.747. 192 Or App at 169. Defendant argues that *Gill* has been overturned by the Supreme Court's decision in *State v. Adams*, 339 Or 104, 109, 116 P3d 898 (2005), which held that the defendant's lack of objection to the state's motion for a postponement was not consent to a delay. In defendant's view, *Adams* held that a defendant must expressly consent to any delay, even one caused by a defendant's knowing failure to appear at a mandatory court appearance. That is, defendant argues that *Adams* overruled our earlier cases—including *Gill*, among others—in which we have held that a defendant's knowing failure to appear at a mandatory court appearance amounts to consent to a delay until revoked by the defendant. *See, e.g.*, *Gill*, 192 Or App at 169 (holding that failure to appear constitutes consent to a delay); *State v. Kirsch*, 162 Or App 392, 397, 987 P2d 556 (1999) (holding the same); *State v. McQueen*, 153 Or App 277,

281-82, 956 P2d 1046, *rev den*, 327 Or 554 (1998) (holding the same).

■■     The state, without explanation, acknowledges that the issue that defendant raises on appeal was preserved below, and counters that *Adams* applies only in the context of a defendant's failure to object to the state's postponement motion. However, we have a duty to determine *sua sponte* whether an assigned error was adequately preserved, regardless of the positions of the parties on appeal. *State v. Wyatt*, 331 Or 335, 346-47, 15 P3d 22 (2000). In short, at trial, defendant argued that he did not consent to the delay because he did not knowingly fail to appear. On appeal, he argues that even a knowing failure to appear does not constitute consent. Because defendant did not present the argument that he raises on appeal, his argument is unpreserved. *Id*. at 343 (holding that a defendant must provide the trial court with an explanation that is "specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error"). The trial court never had the opportunity to consider the argument that defendant now makes, and it certainly was not given the chance to correct any error in that regard. Accordingly, we affirm.

Affirmed.