Submitted May 28, affirmed December 30, 2009, petition for review denied May 13, 2010 (348 Or 291)

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**ROBERT GEORGE ROBISON, JR.,**
*Defendant-Appellant.*

Multnomah County Circuit Court
000748788, 040646827;
A135591 (Control), A135592

227 P3d 169

Peter Gartlan, Chief Defender, Legal Services Division, and Travis Eiva, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Erika L. Hadlock, Acting Solicitor General, and Laura S. Anderson, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

ORTEGA, J.

**ORTEGA, J.**

In this consolidated appeal, defendant appeals two judgments of conviction for driving while under the influence of intoxicants (DUII). ORS 813.010. Each DUII citation that defendant received specified an appearance date that was more than 30 days after the issuance of the citation, contrary to the requirements of ORS 133.060(1). Defendant contends that, as a result of that defect, the prosecution of those offenses was not timely commenced. For the reasons set forth below, we conclude that each citation was sufficient process to commence prosecution, and we therefore affirm.

The pertinent facts on appeal are undisputed. In June 2000, defendant was arrested and was issued a uniform criminal citation for DUII. The citation listed an appearance date 32 days after the issuance of the citation. A week before that appearance date, the state filed an information charging defendant with the DUII identified in the citation. Defendant did not appear in court on the date specified in the citation and, a few days later, a warrant issued for his arrest. The warrant was not executed until April 2004.

During that same month, defendant was arrested and was issued a uniform citation and complaint for DUII. The citation specified a court date 42 days after the issuance of the citation. The day before that court date, the state filed an information charging defendant with DUII. Defendant did not appear in court on the date specified in the citation, and a warrant for his arrest issued the next day. That warrant was served on defendant in November 2006.

Defendant moved to dismiss both cases, arguing that the prosecutions were not commenced within the statutory limitations period. The trial court denied defendant's motions and, after a stipulated facts trial, found defendant guilty.

■ On appeal, defendant assigns error to the denial of his motions to dismiss. He renews his argument that, because the citations ordered him to appear after the 30 days specified in ORS 133.060(1), they were invalid and thus were not process sufficient to commence prosecution. The state

responds that nothing in ORS 133.060 suggests that the legislature intended a citation to be invalid because of a late appearance date and no statute provides a remedy for such a defect. We agree that the citations were sufficient to commence the prosecutions against defendant.

■■ The prosecution of each DUII offense at issue had to commence within two years of the commission of the offense. ORS 131.125(6)(b); ORS 813.010(4). The purpose of limitations periods for commencing criminal actions is to provide notice to the accused so as to allow him to prepare evidence and to minimize prejudice caused by the passage of time. *State v. Barnes*, 66 Or App 896, 898-99, 676 P2d 344 (1984). "A prosecution is commenced when a warrant or other process is issued, provided that the warrant or other process is executed without unreasonable delay." ORS 131.135; *see also State v. Williams*, 232 Or App 303, 222 P3d 31 (2009) (discussing legislative history of ORS 131.135). A citation is "other process" that may suffice to commence a prosecution. *State v. Anglin*, 227 Or App 325, 329, 206 P3d 193, *rev den*, 346 Or 364 (2009).

Here, unless untimely appearance dates render the citations invalid, each citation functioned to commence the prosecution well within the two-year limitations period. Defendant contends, however, that the citations were invalid under ORS 133.060, which provides:

"(1) A person who has been served with a criminal citation shall appear before a magistrate of the county in which the person was cited at the time, date and court specified in the citation, *which shall not be later than 30 days after the date the citation was issued.*

"(2) If the cited person fails to appear at the time, date and court specified in the criminal citation, and a complaint or information is filed, the magistrate shall issue a warrant of arrest, upon application for its issuance, upon the person's failure to appear."

(Emphasis added.)

■ It is clear that the legislature intended to require that the appearance date be within 30 days after the date of the citation's issuance. *See, e.g., Friends of Columbia Gorge v.*

*Columbia River (S055915),* 346 Or 415, 426-27, 212 P3d 1243 (2009) (noting that, in ordinary usage, "shall" indicates mandatory action). The issue is whether the legislature intended that, if a citation fails to comply with that 30-day requirement, the citation is insufficient to commence a prosecution. To discern legislative intent, we begin by examining statutory text and context and, if it appears useful to the analysis, any legislative history offered by the parties. *State v. Gaines,* 346 Or 160, 171-72, 206 P3d 1042 (2009).

The text of ORS 133.060 does not indicate the effect of a belated appearance date on a citation, nor does the text of ORS 131.135 address whether a defect in the form of a citation renders it invalid "process." Because the legislature has specifically authorized motions to set aside in similar contexts, but not in ORS 133.060, however, the statutory context suggests that such a defect is not a basis to set aside a citation. ORS 133.069(1) sets forth specific requirements for criminal citations issued with a form of complaint.[1] ORS 133.069(3) sets out the consequence of failure to comply with those requirements: "If the complaint does not conform to the requirements of this section, the court shall set the complaint

---

[1] ORS 133.069(1) provides:

"A criminal citation issued with a form of complaint must contain:

"(a) The name of the court at which the cited person is to appear.

"(b) The name of the person cited.

"(c) A complaint containing at least the following:

"(A) The name of the court, the name of the state or of the city or other public body in whose name the action is brought and the name of the defendant.

"(B) A statement or designation of the crime that can be readily understood by a person making a reasonable effort to do so and the date, time and place at which the crime is alleged to have been committed.

"(C) A form of certificate in which the peace officer must certify that the peace officer has sufficient grounds to believe, and does believe, that the person named in the complaint committed the offense specified in the complaint. A certificate conforming to this subparagraph shall be deemed equivalent to a sworn complaint.

"(d) The date on which the citation was issued, and the name of the peace officer who issued the citation.

"(e) The date, time and place at which the person cited is to appear in court, and a summons to so appear.

"(f) If the arrest was made by a private party, the name of the arresting person."

aside upon motion of the defendant made before entry of a plea." That context suggests that, when the legislature intends to authorize a motion to set aside because of a defect in form, it makes explicit provision to do so. *See also* ORS 135.510(1) (providing that an indictment shall be set aside on the defendant's motion under specific circumstances); ORS 153.048(2) (providing that a complaint in a violation citation shall be set aside, on the defendant's motion, for failure to comply with specified statutory requirements). The legislative choice not to provide a similar remedy or result here suggests that the legislature did not intend a citation to be invalid simply because it specifies an untimely appearance date. *See State v. Bailey*, 346 Or 551, 562, 213 P3d 1240 (2009) ("Generally, when the legislature includes an express provision in one statute and omits the provision from another related statute, we assume that the omission was deliberate.").

That conclusion also is consistent with the legislature's general intent to excuse errors in form that do not affect a defendant's rights. ORS 131.035 provides, "No departure from the form or mode prescribed by law, error or mistake in any criminal pleading, action or proceeding renders it invalid, unless it has prejudiced the defendant in respect to a substantial right." *See State v. Freeman*, 127 Or App 640, 645, 873 P2d 1107 (1994) (concluding that the trial court erred by dismissing a traffic citation where the citation incorrectly alleged that the defendant committed DUII on a date 11 months before the actual occurrence of the DUII, but where the defendant was not prejudiced by the variance between the allegation and the proof). Here, there is no suggestion that the departure from the 30-day requirement prejudiced defendant with respect to any of his substantial rights.

We conclude that the citations were sufficient to commence the prosecution in each case, and we reject defendant's other arguments without discussion.

Affirmed.