Argued and submitted November 25, 2003, reversed and remanded with
instructions to dismiss complaint June 23, 2004

# STATE OF OREGON,
*Respondent,*

*v.*

# ESTEBAN CHAVARRIA,
*Appellant.*

## R418119; A114841

92 P3d 763

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter A. Ozanne, Executive Director, Office of Public Defense Services.

Christina M. Hutchins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals his conviction for driving under the influence of intoxicants (DUII), ORS 813.010. He assigns error to the denial of his motion to dismiss the DUII charge on the ground that the six-year delay between his arraignment and trial on the charge violated his statutory and constitutional rights to receive a speedy trial. We review for errors of law, *State v. Davids*, 193 Or App 178, 181, 90 P3d 1 (2004), and reverse.

Defendant was cited for DUII in 1992. He signed a DUII diversion petition in July 1992. He failed to complete the diversion program, and the trial court entered an order in November 1994 terminating the diversion. Trial on the DUII charge was initially set for January 1995 and was subsequently rescheduled for some time in March 1995.[1] Defendant's trial did not occur until May 2001. Before trial, defendant moved to dismiss the charge on speedy trial grounds.

At the hearing on defendant's motion, the state advanced two reasons why the six-year delay in trying the DUII charge did not violate defendant's right to a speedy trial: first, defendant explicitly consented to all delays when he signed the diversion petition and, second, defendant failed to appear for a pretrial hearing in March 1995, which amounted to consent to any subsequent delay in trying the charge. Defendant countered that his execution of the diversion petition constituted consent only to the delay that occurred during the diversion period and that his consent to that delay was terminated by the November 1994 order that terminated the diversion. Defendant also argued that, even if he failed to appear at the March 1995 hearing, that failure did not constitute consent to any subsequent delay because he had no notice of the hearing.

During the course of the parties' discussion, the court noted that there was an unsigned bench warrant in the file that referred to a failure by defendant to appear at a February 1995 hearing and an OJIN entry that referred to

---

[1] The record does not indicate the scheduled trial date, but the parties agree that trial was scheduled for some day between March 3 and March 14.

the February hearing. The court asked the state whether the February hearing was the hearing on which it was relying for its argument that defendant had consented to the delay by failing to appear at the hearing. The state responded that its records indicated that defendant *had* appeared at the February hearing but that defendant's attorney had not, and that defendant's trial had therefore been set over until March. Consequently, the failure to appear on which the state was relying was a failure to appear at a March hearing. The court denied defendant's motion because it concluded that defendant had consented to the delay in trying the DUII charge when he signed the diversion agreement. The court did not address the state's alternative argument that defendant's failure to appear at a March pretrial hearing constituted consent to the delay. The court convicted defendant of DUII after a trial on stipulated facts.

On appeal, defendant reasserts the arguments that he made below. The state concedes that no evidence in the record indicates that defendant failed to appear at a March hearing after notice of such a hearing. However, the state now contends that defendant failed to appear in February 1995 and that *that* failure constituted consent to the subsequent delay. Defendant responds that, because the state expressly disavowed below any argument regarding a failure to appear in February, we cannot now affirm the trial court's decision on that basis.

■ ORS 135.747 requires a court to dismiss an accusatory instrument if the defendant is not brought to trial on the instrument within a reasonable time. Delays in a trial that result from postponements that the defendant requests or to which she consents are excluded under ORS 135.747 from the calculation of trial delay. If a defendant fails to appear at a court proceeding that she was required to attend and for which she had notice, the defendant's failure to appear can constitute consent to subsequent delay. *See State v. Kirsch,* 162 Or App 392, 396-97, 987 P2d 556 (1999).

■ We have held that execution of a diversion agreement such as the one at issue here does not constitute consent to delays that occur after a defendant's participation in the diversion program has been terminated. *State v.*

*McQueen*, 153 Or App 277, 280, 956 P2d 1046 (1997), *rev den*, 327 Or 554 (1998). We adhere to our holding in *McQueen*. The trial court therefore erred in concluding that defendant's execution of the diversion agreement constituted consent to the six-year delay between termination of that agreement and the trial of the DUII charge.

The state concedes that nothing in the record supports the argument that it made below that defendant failed to appear at a March hearing. Consequently, we do not consider whether defendant's alleged failure to appear at that hearing constitutes consent by defendant to the delay in this case.

■ We therefore turn to the state's argument that we can affirm the trial court's denial of defendant's speedy trial motion on the ground that defendant failed to appear at a February hearing. Alternatively, the state argues that we should remand the case to the trial court for findings on whether defendant failed to appear at the February hearing after receiving notice that he was required to appear at it.

We reject the state's argument about defendant's alleged failure to appear at the February 1995 hearing and the state's remand request. The evidence in the record is insufficient to support a finding that defendant failed to appear at the February hearing after notice of it. That is particularly true in light of the state's statement to the trial court that its records showed that defendant *had* appeared at the hearing. Furthermore, in light of that statement, we do not believe that it would be appropriate to remand the case to the trial court to determine if there are facts that contradict those that the state presented to the court in opposing defendant's motion.

■ Accordingly, we conclude that the state failed to establish that defendant consented to the six-year delay in bringing the DUII charge against him to trial. Because defendant did not consent to the delay, the issue under ORS 135.747 reduces to whether the six-year delay was unreasonable. *Cf. State v. Emery*, 318 Or 460, 470, 869 P2d 859 (1994) (dismissal under ORS 135.747 required without regard to whether delay prejudiced defendant). In the absence of any explanation by the state for the delay, we conclude that the

delay was unreasonable. *See, e.g.*, *Davids*, 193 Or App at 183-84. We conclude, therefore, that the trial court erred in denying defendant's motion under ORS 135.747 to dismiss the DUII charge against him.

The statute of limitation that applies to the DUII charge has run. *See* ORS 131.125(6). Consequently, dismissal of the charge under ORS 135.747 bars the state from prosecuting defendant on it. *See Davids*, 193 Or App at 184. We therefore do not reach defendant's contentions that the six-year delay in bringing the charge to trial violated his rights under the state and federal constitutions to a speedy trial of the charge.

Reversed and remanded with instructions to dismiss complaint.