***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted March 22, affirmed April 19, 2023

In the Matter of I. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. M. M.,
*Appellant.*

Multnomah County Circuit Court
20JU05342;
Petition Number 114195;
A179658

Patrick W. Henry, Judge.

Kristen G. Williams filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kistler, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In this juvenile dependency case, mother appeals a judgment changing the permanency plan for her child, M, from reunification to adoption. She assigns error to the juvenile court's rulings that (1) DHS made reasonable efforts to effect reunification; (2) mother's progress was insufficient to make reunification possible; (3) no compelling reason prevented a change in plan; and (4) the plan should be changed away from reunification to adoption. We affirm.

Because mother does not request *de novo* review, we "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the juvenile court's disposition and assess whether, when so viewed, the record was legally sufficient to permit the juvenile court's change to the permanency plan." *Dept. of Human Services v. S. M. H.*, 283 Or App 295, 297, 388 P3d 1204 (2017) (internal quotation marks omitted). We "defer to the juvenile court's explicit findings of historical fact if those findings are supported by any evidence in the record." *Id.*

*Reasonable Efforts.* Mother argues that, in changing the permanency plan away from reunification, the juvenile court erred in determining that DHS made reasonable efforts to assist her in ameliorating the jurisdictional bases. We disagree.

Under ORS 419B.476(2)(a), "the juvenile court is authorized to change the plan away from reunification only if DHS proves that *** it made reasonable efforts to make it possible for the child to be reunified with his or her parent[.]" *S. M. H.*, 283 Or App at 305. "DHS's efforts are evaluated over the entire duration of the case, with an emphasis on a period before the hearing sufficient in length to afford a good opportunity to assess parental progress." *Id.* at 306 (internal quotation marks omitted). DHS's efforts are reasonable "only if DHS has given the parents a reasonable opportunity to demonstrate their ability to adjust their conduct and become minimally adequate parents." *Id.* (internal quotation marks omitted). Further, "[t]he reasonableness of DHS's efforts *** is assessed in the totality of the circumstances with reference to the facts that formed the adjudicated bases for jurisdiction." *Dept. of Human Services v.*

*M. K.*, 285 Or App 448, 455-56, 396 P3d 294, *rev den*, 361 Or 885 (2017) (brackets and internal quotation marks omitted).

Here, the juvenile court took jurisdiction over M in June 2021 on the following bases: (1) "mother's current cognitive functioning interferes with her ability to parent and requires her to engage in services to learn and apply appropriate parenting skills to safely parent the child"; and (2) "mother's residential instability and financial instability interfere with her ability to safely parent the child." Viewed in the light most favorable to the juvenile court's disposition, we conclude that the evidence of DHS's efforts—including, among other things, referral for substance abuse services, multiple referrals for hands-on parenting classes, provision of personal service workers, provision of motel vouchers and offers to provide "case-managed" housing, provision of monthly "family decision meetings," and visitation with M—is legally sufficient to support the juvenile court's determination that those efforts were "reasonable" under ORS 419B.476(2)(a).

*Insufficient Progress.* Mother argues that the juvenile court erred in ruling that mother made insufficient progress to ameliorate the jurisdictional bases. She contends that her "progress since late 2021 was positive and steady, and her circumstances significantly improved," and that "the record is devoid of evidence of how mother's progress was insufficient for [M] to safely return home." We disagree.

A juvenile court may change the permanency plan away from reunification only if, notwithstanding DHS's reasonable efforts, "the parent's progress was insufficient to make reunification possible." *S. M. H.*, 283 Or App at 305. "[T]he sufficiency of a parent's progress toward reunification is analyzed with reference to the bases for juvenile court jurisdiction." *Dept. of Human Services v. C. M. E.*, 278 Or App 297, 308-09, 374 P3d 969 (2016). Importantly, "a parent's mere participation in services is not sufficient to establish adequate progress toward reunification." *Id.* at 308 (brackets and internal quotation marks omitted).

Here, in ruling to change the permanency plan, the juvenile court reasoned:

> "Progress in this case has been delayed due to [mother] having inconsistent contact with the agency for significant periods of time and has not demonstrated a willingness or ability to accept needed supports and services. Mother has failed to meet referral deadlines, further delaying the plan for reunification. Historically, [mother] has had a pattern of residential instability which has only recently been ameliorated. Mother also has an ongoing pattern of engaging with people who do not improve her ability to safely parent [M]. Despite the reasonable efforts of the agency, mother has not made sufficient progress for [M] to be able to return to her care in a reasonable time."

After reviewing the evidence in the record, we conclude that it supports the juvenile court's findings and—viewed in the light most favorable to the juvenile court's disposition—is legally sufficient to support the court's determination that mother had not made sufficient progress to enable reunification.

*Compelling Reasons*. Mother argues that the juvenile court erred in changing M's case plan to adoption, because mother "established a compelling reason under ORS 419B.498(2) to forgo implementing a plan of adoption." DHS argues that that argument is not preserved, because mother did not raise it to the juvenile court. We have reviewed the record, and we conclude that mother did not adequately preserve that argument for purposes of appellate review. *See State v. Alvarado-Ek*, 224 Or App 630, 634, 198 P3d 971 (2008) ("Because defendant did not present the argument that he raises on appeal, his argument is unpreserved. The trial court * * * certainly was not given the chance to correct any error in that regard.").[1]

*Change of Permanency Plan*. Lastly, mother summarily asserts that the juvenile court erred in ruling to change M's case plan away from reunification to adoption. Because the juvenile court's decision to change the plan turned on its determinations that DHS had made reasonable efforts and that, despite those efforts, mother's progress was insufficient—and because we affirm both determinations,

---

[1] Even assuming that mother preserved the argument advanced in her third assignment error, we would reject it on the merits.

as well as conclude that mother's compelling reason argument was unpreserved—we reject that argument.

Affirmed.