Submitted on remand from the Oregon Supreme Court March 6, affirmed August 8, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARIANO HERNANDEZ-LOPEZ,
*Defendant-Appellant.*

Washington County Circuit Court
D9904776T, D9904777T;
A141240 (Control), A141241

284 P3d 1170

Erik Blumenthal, Deputy Public Defender, and Peter Gartlan, Chief Defender, Office of Public Defense Services, for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Christina M. Hutchins, Senior Assistant Attorney General, for respondent.

Before Ortega, Presiding Judge, and Brewer, Judge, and Sercombe, Judge.

BREWER, J.

**BREWER, J.**

This is an appeal from judgments in two consolidated criminal cases in which defendant was convicted of driving under the influence of intoxicants (DUII), ORS 813.010, and driving while suspended (DWS), ORS 811.182. The charged conduct occurred on September 7, 1999; defendant was not brought to trial until January 9, 2009. Defendant filed motions for dismissal of the charging instruments on the ground that he was not afforded a speedy trial. The trial court denied both motions. Defendant then waived his right to a jury trial and agreed to be tried by the court. The trial court found him guilty, and defendant appealed. After we affirmed without opinion, the Supreme Court vacated our decision and remanded for reconsideration in light of *State v. Glushko/Little*, 351 Or 297, 315, 266 P3d 50 (2011). On reconsideration, we conclude that the trial court properly denied defendant's motions to dismiss for lack of a speedy trial. Accordingly, we affirm.

Defendant was charged by separate uniform traffic citations with DUII and DWS on September 8, 1999, for conduct that had occurred on the previous day, September 7. Defendant was arraigned on both charges on September 8. On the same day, defendant signed identical release agreements in both cases in which he agreed to appear in court as ordered and acknowledged that "a willful failure to in court appear is a separate and serious crime punishable by fine and jail or prison sentence." Counsel was appointed for defendant on September 15. Defendant was scheduled to appear for a pretrial conference on February 22, 2000, with a trial date scheduled for March 14, 2000. Although defendant's counsel appeared for the pretrial conference, defendant did not. Defense counsel stated that he had "no information for the court." For his failure to appear, the court issued a warrant for defendant's arrest on February 23, 2000. However, the warrant was not served until October 4, 2008.

Defendant's trial was rescheduled for January 8, 2009. On December 24, 2008, defendant filed a motion to dismiss the charges for violation of his statutory speedy trial rights on the basis of a cumulative delay of more than nine years. A hearing was held on the motion on the day of

trial. At the hearing, based on the parties' stipulation, the trial court took judicial notice "of the relevant dates when [defendant] failed to appear." When defendant testified, the following exchange occurred on cross-examination:

"[PROSECUTOR]: Now, do you recall being arrested for driving under the influence in this matter?

"[DEFENDANT]: Yes.

"[PROSECUTOR]: And you remember on September 8, 1999 coming to the courthouse and being read that you were being charged with driving under the influence, right?

"[DEFENDANT]: Yeah, when I came, filled out the papers, and then got out.

"[PROSECUTOR]: Okay. You filled papers to get out of jail, and those papers commanded you to appear on September 8, 1999, correct?

"[DEFENDANT]: Mm-hmm. Yeah, well, I signed the papers to get out and that was it.

"[PROSECUTOR]: And you knew you had to come to court, correct?

"[DEFENDANT]: Well, they told me that they were going to send a paper to my home, and then, you know, afterwards, I didn't come.

"[PROSECUTOR]: You knew that you had to appear for court?

"[DEFENDANT]: Yes.

"[PROSECUTOR]: And at some point you didn't appear for court, correct?

"[DEFENDANT]: Yes, I didn't come.

"[PROSECUTOR]: And that was back on February 22nd of 2000, correct?

"[DEFENDANT]: Yeah, the last time they caught me."

In his closing argument on the motion, the prosecutor referred to defendant's acknowledgement that, despite being commanded to appear, he had failed to appear for the pretrial conference on February 22, 2000. For their part, neither defendant nor his counsel ever asserted at the hearing that

defendant had not received notice of the pretrial conference or that defendant had not willfully failed to appear. The trial court denied defendant's motion to dismiss, and he was convicted following a stipulated facts trial.

On appeal, defendant challenges the trial court's denial of his motion to dismiss for violation of his statutory speedy trial rights. Relying on several decisions by this court, in its brief on appeal, the state asserted that, by failing to appear at the pretrial conference, defendant had implicitly consented to the ensuing eight year and eight months' delay and, thus, the remaining eight and one-half months of cumulative delay in bringing him to trial was reasonable.[1] *See, e.g.*, *State v. Gill*, 192 Or App 164, 168-69, 84 P3d 825 (2004) (holding that, when a defendant fails to appear at a court proceeding that the defendant was required to attend and for which the defendant had notice, the defendant's failure to appear can constitute consent to subsequent delay); *State v. Kirsch*, 162 Or App 392, 396-97, 987 P2d 556 (1999) (same). In light of those authorities, this court initially affirmed without opinion the judgments of conviction in this case. Thereafter, the Supreme Court decided *Glushko / Little* and remanded this case for reconsideration in light of that decision.

ORS 135.747 provides:

> "If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

The Supreme Court has outlined a two-step process for reviewing a trial court's decision on a motion to dismiss brought pursuant to ORS 135.747. The first step is to "determine the relevant amount of delay by subtracting from the total delay any periods of delay that [the] defendant requested or consented to." *Glushko / Little*, 351 Or at 305. The second step is to determine whether that delay is reasonable, which

---

[1] That eight and one-half months of remaining cumulative delay consisted of the combined period between September 8, 1999 (when the cases were initiated), and February 22, 2000 (when defendant failed to appear), and the period between October 4, 2008 (when the arrest warrant was served) and January 9, 2009 (when defendant was brought to trial).

requires an examination of "all the attendant circumstances." *Id.* at 315-16 (quoting *State v. Johnson*, 339 Or 69, 88, 116 P3d 879 (2005)). More specifically, "the circumstances that cause the delay generally will determine whether the delay (and thus, the overall time period for bringing the defendant to trial) is reasonable." *Id.* (quoting *Johnson*, 339 Or at 88) (emphasis omitted).

In *Glushko/Little*, the Supreme Court rejected the construction of the word "consent" in ORS 135.747 that this court had adopted in *Gill* and *Kirsch*. Based on the text, context, and historical origins of ORS 135.747, the court held that

"a defendant gives 'consent' to a delay only when the defendant expressly agrees to a postponement requested by the state or the court. Returning to the facts of this case, it is clear that the delays at issue were not a product of postponements that defendants requested or postponements that the state or the court requested and to which defendants agreed."

*Glushko/Little*, 351 Or at 315.

Based on that holding, we now conclude that defendant's failure to appear at the scheduled pretrial conferences in this case on February 22, 2000, did not constitute consent to the ensuing eight year and eight months' delay. Accordingly, that delay was not attributable to defendant. Instead, the entire period of nine years and four months between the date that these cases were initiated and the date of trial is attributable to the state.

With that understanding in mind, we turn to the second step of the analysis. Again, *Glushko/Little* is instructive:

"Even if, as in this case, defendants did not apply for or consent to the delays in question, dismissal is required only if the state fails to bring defendants to trial 'within a reasonable period of time.' ORS 135.747.

"* * * * *

"In this case, there is no question but that both defendants caused the delays in bringing their cases to trial by their failures to appear. Both had notice that they were legally obligated to appear. Moreover, both

were informed—defendant Glushko in the order requiring personal appearance and defendant Little in his release agreement—that failure to appear would result in a warrant for their arrest being issued. With knowledge of the legal requirement to appear and the consequences that would result from failure to appear, both defendants did not attend their respective hearings. As a result of their failures to appear, the state suspended the prosecutions, the court issued warrants for their arrest, and the cases were not tried until more than eight years later.

"Defendants assert that, notwithstanding their failures to appear, the delays in their cases were unreasonable because the state could have made a greater effort to locate them and return them to custody. Specifically, defendant Glushko asserts that, because he was on probation for two other charges for at least six months after he failed to appear at the hearing, the state easily could have executed the warrant for his arrest, because he was still in the 'constructive custody' of the state. Defendant Little, for his part, argues that the state could have tracked him down by using the contact information he provided on his release agreement or, a few years later, when he applied for and received an Oregon identification card.

"The fact that the state may or may not have been able to take additional steps to track down defendants is not the point when, as in this case, defendants were entirely in control of the amount of delay that followed their failures to appear. * * * Both knew about their obligations to appear, as we have noted, and both knew that failing to do so would result in the issuance of warrants for their arrests. Both were well aware of the fact that their failures to appear delayed the prosecution of the cases against them.

"In summary, we conclude that, although defendants did not consent to the delays that occurred in each of their cases as a result of their failures to appear, the delays were nonetheless reasonable. The trial court therefore did not err in denying defendants' motions to dismiss on statutory speedy trial grounds."

*Id.* at 315-17 (internal citations omitted).

In a memorandum of additional authorities on remand, defendant attempts to distinguish the circumstances of these cases from those in *Glushko/Little*. He argues:

"In contrast to *Glushko/Little*, here the state failed to prove that defendant was entirely in control of the amount of delay that followed his failure to appear. Defendant's release agreement informed him that he needed to be present at his arraignment, and stated the date of the arraignment. At arraignment, the court informed defendant that it would set pretrial conference and trial dates, but, critically it did not tell him the dates of those hearings. *** The state did not present evidence at the hearing that defendant received notice of those dates. Defendant testified [at] trial that 'they told [him] that they were going to send a paper to [his] home, afterwards he didn't come.' He also testified that 'he knew that he had to appear for court.' However, his testimony is unclear as to whether he meant that generally, he knew that there would be a court date, but did not attend when he did not receive notice, or whether he knew that he was supposed to appear on a specific date for the pretrial conference and chose not to do so. The state did not present evidence at the hearing that defendant received notice of the date of the pretrial conference. After defendant failed to appear, the state did not attempt to serve the failure to appear warrant or take steps to prosecute its case. Rather, the state allowed the case to stagnate for eight years."

(Internal citations omitted.)

We disagree with defendant's characterization of the record. Taken in context, it is clear from defendant's testimony at the hearing on his motions to dismiss that he had received notice of the February 22, 2000, pretrial conference date and that he had willfully failed to appear at that conference. As noted, defendant acknowledged that he knew that he "had to appear for court," that, at some point, he "didn't come," and that that occurred on February 22, 2000. Tellingly, defendant's counsel did not argue before the trial court that defendant had not received notice of that required appearance date, nor did he argue that the state's proof was deficient in that regard.

The circumstances of this case, including the length of overall delay following defendant's failure to appear in court as required, are strikingly similar to those in *Glushko/Little*. There, as here, the fact that the state may have been able to take additional steps to track defendant down is not the point; defendant was entirely in control of the amount of delay that followed his failure to appear. As provided in his release agreement, defendant knew about his obligation to appear, and he knew that failing to do so would result in the issuance of a warrant for his arrest. Thus, as in *Glushko/Little*, although defendant did not consent to the delay that occurred in these cases as a result of his failure to appear, that portion of the delay was nonetheless reasonable. The remaining period of cumulative delay of approximately eight and one-half months also was reasonable. *See State v. Davids*, 193 Or App 178, 183, 90 P3d 1 (2004), *aff'd*, 339 Or 96, 116 P3d 894 (2005) (observing that delays exceeding 15 months that the defendant did not cause are generally unreasonable). The trial court therefore did not err in denying his motions to dismiss these cases on statutory speedy trial grounds.

Affirmed.